UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| KRIS MICHAEL BARRAS, Plaintiff | CIVIL ACTION NO. 1:20-CV-01670 |
| VERSUS | JUDGE DRELL |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is Kris Michael Barras's ("Barras's") appeal of the denial of Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits by the Commissioner of Social Security (the "Commissioner"). Because the Commissioner admits substantial evidence does not support the conclusions of the ALJ and Appeals Council, the Commissioner's unopposed Motion to Remand (ECF No. 15) should be GRANTED, the Commissioner's decision should be REVERSED and VACATED, and this case should be REMANDED for further proceedings.

I. **Background**

Barras filed an application for period of disability and DIB under Title II of the Social Security Act (the "Act"). ECF No. 11-1 at 199. He also filed for SSI under Title XVI. *Id.* at 192. Barras alleged a disability onset date of July 4, 2017, due to sixty-five percent muscle loss in his right arm. *Id.* at 113. Barras's claims were initially

denied by the Social Security Administration ("SSA") on September 25, 2017. *Id.* at 123.

Barras's application was heard before an administrative law judge ("ALJ") on November 16, 2018. *Id.* at 93. Barras appeared with Kelly Roberts, a vocational expert ("VE"). *Id.* The ALJ denied Barras's claims on May 17, 2019. *Id.* at 15-26. The ALJ determined that Barras was not disabled under the Act, finding at step five of the sequential evaluation process that Barras is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id.*

On February 18, 2020, the Appeals Council denied Barras's request for review, and the ALJ's May 17, 2019 decision became the final decision of the Commissioner. *Id.* at 135. On October 21, 2020, the Appeals Council denied Barras's request to reopen. *Id.* at 6.

Proceeding *in forma pauperis*, Barras filed this appeal for judicial review. ECF No. 1. Barras asserts the that the Commissioner's decision was based on legal error, and is not supported by substantial evidence. *Id.* at 2. Specifically, Barras asserts that the ALJ neglected his duty to develop the record evidence fully and fairly, which prejudiced Barras. ECF No. 14-1. He argues the ALJ knew medical evidence existed which could have proven his claim but chose to make no effort to secure the evidence, waiting six months before issuing a denial. *Id.* at 6-7 (citing *Sun v. Colvin*, 793 F.3d 502 (5th Cir. 2015)).

The Commissioner then filed an unopposed motion for a fourth sentence remand (ECF No. 15), seeking a judgment reversing the Commissioner's decision and remanding this case for additional administrative proceedings.

II. <u>Law and Analysis</u>

    A. <u>The Commissioner's Motion to Remand (ECF No. 15) should be granted.</u>

The exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> [4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. . . .[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Shalala v. Shaefer,* 509 U.S. 292, 296, n.1 (1993). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shaefer,* 509 U.S. at 297.

A sentence four remand must "end the instant action" with a final judgment which affirms, modifies, or reverses the final decision of the Commissioner. *Shaefer*, 509 U.S. at 297-98.

Here, the Commissioner asserts the agency further reviewed Barras's case and determined that remand for further proceedings is warranted. ECF No. 15 at 1. The Commissioner seeks reversal of his original decision. *Id.* Thus, the Commissioner admits his original decision is not supported by substantial evidence, and agrees to a reversal of the decision and a remand for further proceedings.

Since, by admission of the Commissioner, substantial evidence does not support the conclusions of the ALJ and the Appeals Counsel, the decision should be reversed and vacated. Barras's case should be remanded to the Commissioner, under the fourth sentence of Section 405(g), for further proceedings.

### III. Conclusion

Because the Commissioner admits substantial evidence does not support the decisions of the ALJ and Appeals Council;

IT IS RECOMMENDED that the Commissioner's unopposed Motion to Remand (ECF No. 15) be GRANTED.

IT IS FURTHER RECOMMENDED that the Commissioner's decision be REVERSED and VACATED, and this case be REMANDED to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S. § 405(g).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_31st\_\_ day of January, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE